Senator Francis Flotron 7th Senatorial District Room 331 State Capitol Jefferson City, MO 65101
Dear Senator Flotron:
This letter is in response to your opinion request asking:
 Whether or not the mayor of a Third Class City in a First Class Charter County has the power to appoint a person to fill a vacancy in the office of Councilmember when said Councilmember dies six (6) months and two (2) days before the next general election but where the office is not declared vacant until the next City Council meeting which occurs within six (6) months of the next general municipal election where the City has an Ordinance prescribing that said vacancy shall be filled by the Mayor by appointment. The question deals with when the vacancy occurs and the ability to appoint someone to replace a Councilmember in a Third Class Statutory City.
The letter states that the City of Chesterfield is a Third Class Statutory City located in St. Louis County.
Section 77.450, RSMo, applies to vacancies in any elective office in a third class city located in certain first class counties. It provides:
Vacancies, how filled. —
 In counties of the first class with a charter form of government which have a population of at least nine hundred thousand inhabitants, if a vacancy occurs in any elective office, the mayor, or the person exercising the office of mayor, shall cause a special election to be held to fill such vacancy. When any such vacancy occurs within six months of a municipal election, no election shall be called to fill such vacancy, but the same shall be filled by the mayor or the person exercising the office of mayor by appointment. Any vacancy in the office of councilman which occurs within the six months shall be filled by election, in such manner as may be provided by ordinance. In all other counties, if a vacancy occurs in any elective office, the mayor, or the person exercising the office of mayor, shall recommend a person to fill the vacancy from the political party of the person who previously held the office. The council shall approve the person recommended by the mayor. The successor shall serve until the next regular election. If a vacancy occurs in any office not elective, the mayor shall appoint a suitable person to discharge the duties of the same until the first regular meeting of the council thereafter, at which time the vacancy shall be permanently filled.
Emphasis added. The question presented is when a vacancy in the office of Councilmember is deemed to have occurred.
When interpreting a statute, it must be read in conjunction with other statutes involving the same subject matter. Farmers'Electric Cooperative, Inc. v. Missouri Department of Corrections,977 S.W.2d 266, 270 (Mo.banc 1998). Section 77.240, RSMo, provides for the procedure to replace a vacancy in the office of mayor of a third class city:
 77.240. Vacancy in office of mayor, how — filled president pro tem, duties of. —
 When any vacancy shall happen in the office of mayor, by death, resignation, removal from the city, removal from office, refusal to qualify or otherwise, the president pro tem of the council shall act as mayor until the next regular election
except in counties of the first class with a charter form of government which have a population of at least nine hundred thousand inhabitants. In the case of a temporary absence of the mayor or disability to perform the duties of his office, the president pro tem of the council shall perform the duties of mayor until the mayor shall return or such disability be removed; and during the time the president pro tem of the council shall act as mayor, he shall receive the same compensation that the mayor would be entitled to. In counties of the first class with a charter form of government and which do not contain a city with a population of at least four hundred thousand, in case of vacancy other than a temporary absence or disability, the person exercising the office of mayor shall cause a new election to be held; provided, when a vacancy occurs within six months of a municipal election, no election shall be called to fill such vacancy.
Emphasis added. As Section 77.240 suggests, a vacancy in the office of mayor is triggered by an event such as a death, resignation, or removal from the city and not by any subsequent act of the council. Therefore, the vacancy in the council occurred on the date of the council member's death and, so long as the vacancy occurs more than six months before the next municipal election, the mayor shall call for a special election pursuant to Section 77.450, RSMo.[1]
CONCLUSION:
It is the opinion of this office that a council member's office becomes vacant at the time of his death and therefore, pursuant to Section 77.450, RSMo, a special election shall be held to fill the vacancy where that vacancy occurs more than six months before the next municipal election.
Sincerely,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] While this opinion is limited to construing the term vacancy, we also note that the language of Section 77.450, RSMo, specifically addresses the situation when a vacancy in the council occurs within six months before the next municipal election: ". . . Any vacancy in the office of councilman which occurs within the six months shall be filled by election, in such manner as may be provided by ordinance." Even if the vacancy occurs within six months before the next municipal election, this provision indicates that it must be filled by election with the council determining by ordinance how, not whether, such election would occur.